# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15cv193

| | |
|---|---|
| DAVID B. CROSSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is the Motion to Dismiss [# 3]. Plaintiff brought two actions asserting claims related to the United States Postal Service's ("USPS") alleged failure to issue an accurate notification of separation form (SF-50) after his release from employment, this action and 1:15cv165. This action is the later filed action, and purports to add addition financial injury stemming from the time period between the filing of the original action and this action. The causes of action and the basis of the claims, however, are identical.

The USPS now moves to dismiss the Complaint. The Court instructed Plaintiff, who is proceeding *pro se*, to file a response (Order, Sept. 25, 2015, ECF No. 5), but he neglected to do so. For the reasons stated in the Court's September 30, 2015, Memorandum and Recommendation and the Court's March 30, 2016,

-1-

Memorandum and Recommendation in 1:15cv165, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 3] and **DISMISS** this case in its entirety.

Signed: March 30, 2016

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).